[Cite as *State v. Hughley*, 2010-Ohio-6010.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  09 MA 200 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| MATRICE HUGHLEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                                      Court, Case No. 09CR682.

JUDGMENT:                                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                      Attorney Paul Gains
                                                      Prosecuting Attorney
                                                      Attorney Ralph Rivera
                                                      Assistant Prosecuting Attorney
                                                      21 West Boardman Street, 6th Floor
                                                      Youngstown, Ohio  44503

For Defendant-Appellant:                   Attorney James Gentile
                                                      42 North Phelps Street
                                                      Youngstown, Ohio  44503-1130

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  November 24, 2010

VUKOVICH, P.J.

¶{1}   Defendant-appellant Matrice Hughley appeals the decision of the Mahoning County Common Pleas Court, which denied his motion to suppress a handgun found on his person during a pat-down.  Appellant contends that the officer did not possess reasonable suspicion to believe that he was armed and dangerous and thus the frisk was unwarranted.  Under the totality of the circumstances, however, reasonable suspicion existed to validate the frisk.  For the following reasons, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

¶{2}   On June 1, 2009 at 5:15 a.m., ambulance personnel noticed a vehicle sitting on Himrod Avenue on Youngstown's east side.  They called the police department reporting that the driver appeared to be passed out behind the wheel and that they could not awaken him after several attempts.  (Tr. 7-8).  When an officer arrived, appellant was awake and arguing with a medic.  The officer noticed that appellant's speech was slurred and that he appeared to be under the influence of drugs or alcohol.  (Tr. 8).  As the car was in drive, the officer asked appellant to put it in park.  Appellant was not compliant until the officer made several requests and appellant kept moving his hands about within the car.  (Tr. 8-9).

¶{3}   The officer then asked appellant to step out of the vehicle.  It took several requests before appellant complied.  (Tr. 9, 16).  When he finally alighted from the vehicle, the officer conducted a brief pat-down for officer safety.  (Tr. 9, 11, 17).  The officer discovered a .38 caliber handgun on appellant's person.  (Tr. 15). Appellant was arrested for carrying a concealed weapon, a fourth degree felony in violation of R.C. 2923.12(A)(2).

¶{4}   Appellant filed a motion to suppress the handgun, alleging in pertinent part that the officer lacked reasonable suspicion to frisk him.  After the officer related the above facts, appellant testified that he had been working as a cook in a pub in Warren and that he had been on his way to his girlfriend's house.  (Tr. 21, 34).  He

stated that she lived in a dangerous area just down the road from where he stopped his vehicle. (Tr. 21). He explained that he stopped in order to text her so that she would be ready to let him into the building. (Tr. 20). He denied that he had been drinking or that he had been passed out. (Tr. 23). He also believed that it was approximately 2:30 a.m. when he stopped his vehicle. (Tr. 21, 28).

¶{5} The trial court denied the motion in an August 25, 2009 judgment entry, finding that there was reasonable suspicion to conduct the frisk. Thereafter, appellant pled no contest to carrying a concealed weapon. On October 28, 2009, the trial court found appellant guilty and sentenced him to two years of community control and required the completion of an outpatient program. Appellant filed a timely appeal.

ASSIGNMENT OF ERROR

¶{6} Appellant's sole assignment of error provides:

¶{7} "THE COURT ERRED IN FAILING TO GRANT THE MOTION TO SUPPRESS THE EVIDENCE SINCE THE SEARCH OF THE APPELLANT WAS AGAINST APPELLANT'S CONSTITUTIONAL RIGHTS."

¶{8} Suppression decisions present mixed questions of law and fact. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶100. Any legal issues are decided de novo. Id. Any factual findings are upheld as long as they are supported by competent, credible evidence. Id. The weight of the evidence and the credibility of witnesses at the suppression hearing are issues primarily for the province of the trial court. *State v. Mills* (1992), 62 Ohio St.3d 357, 366; *State v. DePew* (1988), 38 Ohio St.3d 275, 277; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20.

¶{9} Appellant does not take issue with the fact that he was ordered to exit the vehicle. Rather, he contests only whether the frisk was warranted.

¶{10} A police officer may make a brief, warrantless, investigatory stop without probable cause when the officer has a reasonable suspicion that the individual is or has been involved in criminal activity. *Terry v. Ohio* (1968), 392 U.S. 1. During such an encounter, an officer is authorized to perform a limited pat-down search for weapons as a safety precaution if there is a reasonable suspicion that the person stopped may be armed and dangerous. Id. at 24.

¶{11} Reasonable suspicion means that the investigating officer must be able to point to specific, articulable facts that, when coupled with any rational inferences that may be drawn from those facts, warrant the investigation. Id. The reasonableness of a stop and frisk is based upon the totality of the circumstances. *State v. Andrews* (1991), 57 Ohio St.3d 86, 87. These circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. Id. at 87-88. An officer need not artfully articulate his justification for the frisk as long as there is evidence in the record that the officer had specific facts before him suggesting the subject may be armed or dangerous. *State v. Whitfield* (Nov. 1, 2000), 7th Dist. No. 99CA111, ¶30.

¶{12} Here, the officer had information from dispatch that medics from Rural Metro Ambulance were reporting that appellant was passed out behind the wheel of his vehicle. The officer then confirmed this with the medic and was specifically advised that appellant was not easily awakened. Notably, the informants here were expressly identified. See *State v. Otte* (1996), 74 Ohio St.3d 555, 559. They were not anonymous tipsters or criminal informants. See *Maumee v. Weisner* (1999), 87 Ohio St.3d 295, 300 (noting the three main types of informants and explaining their varying levels of trustworthiness). There was no reason for the officers to disbelieve these witnesses. See, e.g., *State v. Neeley*, 2d Dist. No. 20842, 2006-Ohio-418, ¶22 (an eyewitness identification will constitute probable cause unless at the time of the arrest there is some apparent reason for the officer to disbelieve the eyewitness). As such, the officer could properly act under the belief that appellant was passed out behind the wheel of a vehicle.

¶{13} Moreover, it was 5:15 a.m. on Youngstown's east side approaching an area that appellant suggested was dangerous. From appellant's testimony, it appears that he was stopped in the roadway. (Tr. 22). When the officer arrived, he noticed that the vehicle was in drive. The officer heard appellant arguing with the medic. He noticed that appellant's speech was slurred and that he generally appeared to be under the influence of drugs or alcohol. Appellant was hesitant and moved his hands oddly. He was noncompliant with requests to put the car in park and to step out of the

vehicle, which appellant admits were proper requests. The officer expressed that he conducted a brief frisk out of concern for his safety. (Tr. 9, 11, 17).

¶{14} In conclusion, the officer sufficiently articulated particular facts showing his justification for the frisk. There were various reasons to believe that appellant had been operating a motor vehicle while under the influence of alcohol or drugs. Besides being passed out behind the wheel of the vehicle which was sitting in the roadway, it appears he was passed out with the vehicle in drive. As he had just been passed out, his condition could be considered unstable, especially since he appeared to be intoxicated and since he was not compliant with important safety requests. Under the totality of the circumstances, the officer possessed reasonable suspicion that appellant may have posed a danger to his safety. As such, the brief pat-down on appellant's outer clothing was warranted before the officer permitted appellant to enter his pocket for identification.

¶{15} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, J., concurs.
DeGenaro, J., dissents; see dissenting opinion.